# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

KATHRYN MENNEN, SARAH
MENNEN, ALEXANDRA MENNEN,
SHAWN MENNEN, and JOHN
MENNEN,

        Plaintiffs,

    v.

WILMINGTON TRUST COMPANY,
a Delaware corporation, GEORGE
JEFF MENNEN, and FIDUCIARY
TRUST INTERNATIONAL OF
DELAWARE, in its capacity as the
corporate trustee of the TRUST
ESTABLISHED BY GEORGE S.
MENNEN FOR THE BENEFIT OF
GEORGE JEFF MENNEN u/a/d/
11/25/1970, a Delaware trust,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 8432-VCL

## REPORT PURSUANT TO
## DELAWARE SUPREME COURT RULE 19(c)

WHEREAS:

A.    On March 22, 2013, plaintiffs Kathryn Mennen, Sarah Mennen, Alexandra Mennen, Shawn Mennen, and John Mennen filed a complaint in the Delaware Court of Chancery naming as defendants Wilmington Trust Company, George Jeff Mennen ("Jeff Mennen"), and the Trust established by George S. Mennen for the benefit of George Jeff Mennen and his issue by agreement dated November 25, 1970 (the "Jeff Mennen Trust").

B.     On July 25, 2013, Owen Roberts, then the individual trustee of the Jeff Mennen Trust, was substituted as a defendant in place of the Jeff Mennen Trust.

C.     On November 1, 2013, Roberts moved for summary judgment on the claims against the Jeff Mennen Trust.

D.     On January 17, 2014, the Honorable Abigail M. LeGrow of the Superior Court of the State of Delaware, then serving as a Master in Chancery, issued a draft report which recommended that this court grant Roberts' motion for summary judgment.

E.     Trial took place before then-Master LeGrow on February 12-14, 2014.

F.     On December 8, 2014, then-Master LeGrow issued a draft report on the merits.

G.     On April 24, 2015, after considering the plaintiffs' exceptions to her drafts, then-Master LeGrow issued (i) a final report on the motion for summary judgment and (ii) a final report on the merits. The Delaware Supreme Court has referred to the final report on the motion for summary judgment as the "Spendthrift Ruling."

H.     On April 27, 2015, then-Master LeGrow issued a revised final report on the merits (the "Merits Report").

2

I.	On June 10, 2015, this court entered an order holding that the plaintiffs' exceptions to the Spendthrift Ruling were untimely and adopting the Spendthrift Ruling as a decision of this court. The Delaware Supreme Court has referred to this order as the "Strike Order."

J.	On August 18, 2015, this court entered an order adopting the Merits Report as a decision of this court.

K.	On December 8, 2015, this court entered its Order and Final Judgment. The plaintiffs appealed and the defendants cross appealed.

L.	By opinion dated October 11, 2016, the Delaware Supreme Court reversed the Strike Order. Pursuant to Rule 19(c), the high court remanded the matter and instructed this court "to consider the merits of the Beneficiaries' exceptions to the Master's Spendthrift Ruling." *Mennen v. Fiduciary Trust Int'l of Delaware*, --- A.3d ---. 2016 WL 5933966, at*1 (Del. Oct. 11, 2016). Pursuant to Supreme Court Rule 19(c), the Delaware Supreme Court retained jurisdiction to consider the implications of this court's report. The Delaware Supreme Court "impose[d] no specific time period for the Court of Chancery to act, recognizing that this matter involves issues important to the parties, is no longer expedited, and that briefing before the Court of Chancery should occur before its ruling, and trusting the Court of Chancery to address the case with its usual concern for promptness." *Id.* at *5.

M. On remand, the parties briefed the plaintiffs' exceptions to the Spendthrift Ruling, and oral argument was held on February 7, 2017.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Spendthrift Ruling is subject to *de novo* review. *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

2. This court has considered carefully the exceptions raised by the plaintiffs in their briefs and during argument. The court also has considered carefully the analysis set forth in the Spendthrift Ruling.

3. The Spendthrift Ruling deals thoroughly with the issues. It addresses at least two questions of first impression for Delaware, one of which carries with it potential implications for the Court of Chancery's jurisdiction under the Constitution of 1897, and another which appears to be an issue of first impression not only for Delaware but nationwide. I would like to think that I could improve on then-Master LeGrow's decision, but I know that I cannot.

4. "Believing the Master to have dealt with the issues in a proper manner and having articulated the reasons for her decision well, there is no need for me to repeat her analysis." *In re Erdman*, 2011 WL 2191680, at *1 (Del. Ch. May 26, 2011) (Strine, V.C.). I therefore "adopt her analysis as written." *Id. See Tinley v. Pleasanton*, 2002 WL 272347, 791 A.2d 751 (Del. 2002) (ORDER) ("The Court has determined that the judgment of the Court of Chancery should be affirmed on

4

the basis of, and for the reasons set forth in, the Master's well-reasoned report dated May 16, 2001, as adopted by the Court of Chancery on September 13, 2001.").

Vice Chancellor J. Travis Laster
Dated: February 27, 2017